UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 22-cv-14361

LUIS RAMOS

    Plaintiff,

v.

OS RESTAURANT SERVICES, LLC

    Defendant.
_____/

## COMPLAINT

Plaintiff, LUIS RAMOS ("Plaintiff" or "RAMOS") by and through his undersigned attorney, sues Defendant, OS RESTAURANT SERVICES, LLC ("Defendant" or "OUTBACK") and alleges:

## INTRODUCTION

1. This is an action for damages and injunctive and equitable relief brought under the Americans with Disabilities Act ("ADA") to redress the discrimination suffered by Plaintiff because of his disability and for retaliation in violation of Florida's Workers Compensation Retaliation Law, Florida Statutes Section 440.205.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331 and §1343. This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §1367.

3. Defendant's unlawful conduct was committed within the jurisdiction of the United States District Court for the Southern District of Florida.

4. At all times material, Defendant employed more than fifteen (15) persons, and therefore was and is an "employer" as that term is defined by the ADA and Florida Statute Section 440.205.

5. Plaintiff is an "aggrieved person," as defined by the ADA, because he filed a Charge of Discrimination with the U.S. Equal Opportunity Commission ("EEOC") and the Florida Human Rights Commission ("FCHR"), received a Notice of Right to Sue Letter, and filed this lawsuit within 90 days of receiving the Notice of Right to Sue. A copy of the Charge of Discrimination and Notice of Right to Sue are attached hereto as Exhibit "A" and Exhibit "B."

## PARTIES AND COMPLIANCE WITH PROCEDURAL REQUIREMENTS

6. RAMOS is a citizen and resident of the United States residing in Martin County, Florida, and is disabled.

7. Defendant, OUTBACK, is a Florida Limited Liability Company that does business in Martin County, Florida.

8. On or about July 6, 2022, RAMOS timely filed a Charge of Discrimination with the EEOC and the FCRA alleging disability discrimination.

9. Thereafter on October 17, 2022, the EEOC issued RAMOS a Notice of Right to Sue.

10. RAMOS has exhausted all his administrative remedies pursuant to the ADA and has performed all conditions precedent necessary to the maintenance of this action prior to filing this Complaint.

## FACTUAL BACKGROUND AND GENERAL ALLEGATIONS

11. RAMOS began working for OUTBACK in June of 2021 as a front of the house manager at a restaurant located in Stuart, Florida.

12. RAMOS worked as a full-time employee earning a salary of $57,000 per year.

13. On December 29, 2021, RAMOS slipped on a wet floor while at work and injured his knee.

14. RAMOS reported the injury the next day and went to an urgent care center to receive treatment.

15. While RAMOS did not miss any work as a result of his injury, he did suffer tears to his meniscus, which affected one or more of his major life activities, including his ability to walk.

16. In January 2022, RAMOS filed a claim for worker's compensation benefits.

17. RAMOS provided OUTBACK with a doctor's note that placed him on light duty restrictions.

18. Despite his injury, RAMOS was able to perform the essential functions of his position, though, he had to wear a knee brace and used a cane to walk.

19. After his injury and after he filed a claim for worker's compensation benefits, OUTBACK told RAMOS he had to be able to jump behind the line in the kitchen and cook, when necessary.

20. This was a new job function that he was not required to do prior to his injury and, unfortunately, RAMOS could not do because of his disability, at least for the time being.

21. OUTBACK made it clear that it was not going to comply with RAMOS' light duty restrictions by essentially ignoring the fact that RAMOS was disabled.

22. On March 28, 2022, Brian Sommers, the Regional Manager, terminated RAMOS' employment.

23. RAMOS was never told his job was in jeopardy, and he only received positive performance evaluations.

24. OUTBACK advised RAMOS that its decision was "because it was not working out."

GALLUP AUERBACH • 4000 Hollywood Blvd, Suite 265 South • Hollywood, FL 33021• Tel: 954.894.3035 • Web: gallup-law.com

25. RAMOS believes the reason provided for his termination is pretextual, and that he was really terminated because he filed a claim for worker's compensation benefits and because he was disabled as that term is defined under the law.

26. RAMOS has complied with all conditions precedent to bringing this action.

27. RAMOS agreed to pay the undersigned attorneys' a reasonable fee for bringing this action.

## COUNT I
## Disability Discrimination Under the ADA

28. Plaintiff re-alleges and incorporate by reference as if fully set forth herein the allegations in paragraphs 1 through 27.

30. Plaintiff belongs to a protected category under the ADA as his disability affects one or more major life activities, including the ability to walk. Defendant violated the ADA by refusing to accommodate RAMOS's disability and for terminating his employment because of his disability in violation of the ADA.

31. OUTBACK is vicariously liable for all material adverse actions suffered by Plaintiff and all disability discrimination engaged in by Defendant's managers and supervisors.

32. Plaintiff has been damaged by the conduct of OUTBACK.

WHEREFORE, Plaintiff respectfully invokes the remedial powers of this Court as provided under the ADA, and prays for a judgment:

A. Preliminarily and permanently enjoining and restraining Defendant from engaging in acts of discrimination;

B. Awarding Plaintiff any and all damages available to him, including, but not limited to, back pay, front pay, prejudgment interest, and damages for all employment benefits he would have received but for the discriminatory acts and practices of Defendant;

C.  Declaring Defendant's conduct to be in violation of the ADA and ordering Defendant to institute policies, practices, training and programs that provide protection from discrimination against employees and provide equal employment opportunities for individuals, and that eradicate the effects of its past and present unlawful practices;

D.  Awarding Plaintiff compensatory damages against Defendant;

E.  Awarding reasonable attorney's fees and costs incurred in this action.

## COUNT II
### Violation of Florida's Workers Compensation Law (Retaliation under § 440.205 )

33. Plaintiff re-alleges and incorporates by reference as if fully set forth herein the allegations in paragraphs 1 through 27.

34. The acts alleged above constitute violations of Florida Statute Section 440.205 which states:

> No employer shall discharge, threaten to discharge, intimidate, or coerce any employee by reason of such employee's valid claim for compensation or attempt to claim compensation under the Worker's Compensation law.

35. RAMOS filed a claim for worker's compensation benefits in January 2022.

36. OUTBACK took retaliatory adverse action against RAMOS because he filed a claim for worker's compensation benefits for his work related injury contrary to the requirements of Florida Statute § 440.205.

37. A causal link exists between RAMOS' protected conduct in filing a claim for worker's compensation benefits and the adverse employment action taken by OUTBACK in terminating his employment.

38. As a result of OUTBACK's retaliatory actions, RAMOS suffered damages.

WHEREFORE, Plaintiff, LUIS RAMOS, demands relief against Defendant, OS RESTAURANT SERVICES, LLC, in the form of economic damages, and the value of any lost

benefits, with interest thereon, non-pecuniary compensatory damages, including, but not limited to, damages for mental anguish, attorney's fees and costs and any other such relief that the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff, LUIS RAMOS, hereby demands trial by jury on all claims triable by right of jury under state or federal law.

Dated this 21st day of October, 2022.

                                        Respectfully submitted,

                                      **GALLUP AUERBACH**
                                      4000 Hollywood Blvd.
                                      Suite 265 South
                                      Hollywood, FL 33021
                                      Tel: (954) 894-3035
                                      Fax: (754) 200-2836
                                      E: jauerbach@gallup-law.com

                                      By: ***/s/ Jacob K. Auerbach***
                                             Jacob K. Auerbach, Esq.
                                             FBN: 0084003